UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANTOINE BROWN,

        Petitioner,

                                                 Case Number 15-12740
v.                                          Honorable David M. Lawson

CARMEN PALMER,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Dantoine Brown was convicted on a plea of guilty to charges of manslaughter and armed robbery and sentenced to lengthy prison sentences. He challenges his convictions and sentences in a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. In his petition, Brown argues that the trial court failed to obtain a sufficient factual basis for his guilty plea and that he received ineffective assistance of counsel. After reviewing the petition and the state's response, the Court finds that one issue is fatal to Brown's request for relief: the untimeliness of his petition. Because Brown did not comply with the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d)(1), and the petition is not saved by statutory or equitable tolling, the Court must dismiss the petition and deny relief.

I.

The petitioner's convictions arise from an armed robbery and the strangling death of Jeanne Hank in March 2011. The petitioner was charged with felony murder, armed robbery, open murder, and unlawfully driving away an automobile. On February 7, 2012, the prosecutor moved to amend the open murder charge to a charge of manslaughter. The trial court allowed the amendment. The petitioner then pleaded guilty to manslaughter and armed robbery, pursuant to a plea agreement

calling for the dismissal of the remaining charges, a minimum sentence of ten years, no consecutive sentencing, and requiring the petitioner to testify as needed by the prosecutor.

On March 19, 2012, the petitioner was sentenced in accordance with the terms of the plea agreement to 10 to 15 years in prison for manslaughter and 10 to 50 years for armed robbery. The petitioner did not file an application for leave to appeal the judgment of conviction to the Michigan Court of Appeals. Instead, on December 7, 2012, the petitioner, through counsel, filed a motion for relief from judgment in the trial court, claiming that an insufficient factual basis supported his plea and that his trial attorney was ineffective for failing to raise this issue at the time of the plea. The trial court denied the motion on May 3, 2013. The petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the same claims raised in his motion for relief from judgment. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Brown*, No. 318719 (Mich. Ct. App. Feb. 21, 2014). The Michigan Supreme Court also denied leave to appeal. *People v. Brown*, 496 Mich. 867 (July 29, 2014).

The petitioner filed his habeas petition on July 27, 2015, raising the same claims that he raised on collateral review in state court. The respondent filed an answer in opposition arguing that the petition was not timely filed, the sufficiency of the evidence claim is not cognizable on habeas review, and both claims are meritless.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective on April 24, 1996 and governs the filing date for this action because the petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought

by prisoners challenging state court judgments. *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the prescribed time period must be dismissed. *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

The petitioner was sentenced on March 19, 2012. He had six months from that date to file a delayed application for leave to appeal with the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205(G)(3), but he did not pursue any direct appeal. His convictions thus became final on September 19, 2012, when the time for filing an application for leave to appeal to the Michigan Court of Appeals expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (petitioner's conviction became final when the time for seeking review under state court rule expired); *see also Gonzalez v. Thaler*, --- U.S. ---, 132 S. Ct. 641, 656 (2012) (when a petitioner does not seek review in a state's highest court, the judgment becomes final when the time for seeking such review expires). The one-year limitations period commenced on the following day, September 20, 2012. *See* Fed. R. Civ. P. 6(a) (excluding the "day of the event that triggers the period" when calculating

a period of time); *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000). The one-year limitations period continued to run until December 10, 2012, when the petitioner filed a motion for relief from judgment. The motion for relief from judgment tolled the limitations period with 284 days remaining. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."). The limitations period continued to be tolled until July 29, 2014, when the Michigan Supreme court denied the petitioner's application for leave to appeal. The limitations period resumed on July 30, 2014. It continued to run, uninterrupted, until it expired 284 days later, on May 10, 2015. Because May 10, 2015 was a Sunday, the petitioner had until May 11, 2015, to file a timely habeas corpus petition. Fed. R. Civ. P. 6(a)(1)(C). The petitioner filed his habeas petition on July 27, 2015, more than two months after the limitations period expired.

The petitioner does not contend that he is entitled to a new one-year period because the State created an impediment to a timely filing, that his claims are based upon newly-discovered facts, or that his claims arise from newly-created rights recognized by the United States Supreme Court and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D). He also did not argue in his petition that his failure to file within the applicable limitation period should be excused by equitable tolling, and he has not alleged any facts or circumstances that would warrant equitable tolling in this case. The one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'

-4-

and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). The petitioner has not suggested any grounds on which his untimely filing could be excused, and the petition therefore must be dismissed.

III.

The petition for a writ of habeas corpus was not filed within the time permitted by 28 U.S.C. § 2244(d), and the petitioner has not shown that he is entitled to statutory or equitable tolling of the one-year limitations period.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   December 14, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 14, 2016.

s/Susan Pinkowski  
SUSAN PINKOWSKI